UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANITA P.,<br><br>                    Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>                    Defendant. | Case No.: 20-cv-02428-JLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED** *IN FORMA PAUPERIS*<br><br>**[ECF No. 2]** |

Plaintiff Anita P. has filed a complaint against the Commissioner of Social Security, Andrew Saul, seeking judicial review of the Commissioner's final decision denying her application for Social Security Disability Insurance and/or Supplemental Security Income. (ECF No. 1 ¶¶ 1, 6, 8.) The parties have consented to the disposition of the case by Magistrate Judge Jill L. Burkhardt pursuant to 28 U.S.C. § 636(c). (ECF No. 4.)

Presently before the Court is Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"). (ECF No. 2.) For the reasons set forth below, Plaintiff's IFP Motion is **DENIED without prejudice**.

///

///

///

## I.   LEGAL STANDARD

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).  As Section 1915(a)(1) does not itself define what constitutes insufficient assets, the determination of indigency falls within the district court's discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

///
///
///
///
///

## II. DISCUSSION

Here, Plaintiff has not paid the $402[1] filing fee required to maintain a civil action in this District and has instead moved to proceed IFP. (ECF No. 2.) Plaintiff attests to the following under penalty of perjury in her affidavit of assets: She is unemployed and has no income. (*Id.* ¶¶ 1–2.) She has $0 in cash and $40 in a checking account. (*Id.* ¶ 4.) Her only monthly expense is $130 for medical and dental services. (*Id.* ¶ 8.)

Plaintiff has a spouse who receives $6,678.40 per month in gross income. (*Id.* ¶ 1.) Her spouse's estimated total monthly expenses average $4,830.42 for rent ($1,360), utilities ($475.67), home maintenance ($200), food ($400), clothing ($67),[2] laundry and dry cleaning ($160), transportation ($320), motor vehicle insurance ($200), RV insurance ($100), back taxes ($500), and motor vehicle installment payments ($1,064.75). (*Id.* ¶ 8.) Therefore, on average, Plaintiff's spouse's monthly income exceeds these monthly expenses by $1,830.98. Plaintiff, however, does not know[3] how much cash her spouse has or whether her spouse has any money in a bank account or other financial institution. (*Id.* ¶ 4.)

Plaintiff or her spouse owns a 2017 Dodge truck valued at $40,000, a Ford truck valued at $10,000, and a 2004 travel trailer valued at $5,000. (*Id.* ¶ 5.) She and her spouse are not owed any money and no one relies on her or her spouse for support. (*Id.* ¶¶ 6–7.) She does not expect any major changes to her monthly income or expenses or in her assets or liabilities in the next 12 months. (*Id.* ¶ 9.)

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350, except that on application for writ of habeas corpus the filing fee shall be $5."); *CASD Fee Schedule*, https://www.casd.uscourts.gov/_assets/pdf/courtinfo/Fees%20of%20the%20U.S.%20District%20Court%20(CASD).pdf (effective Jan. 1, 2021) (imposing a $52 administrative fee for a civil action, suit, or proceeding).

[2] Plaintiff attests that her spouse spends $200 on clothing quarterly. (ECF No. 2 ¶ 8.)

[3] In answering these questions on her affidavit, Plaintiff wrote "?".

Although Plaintiff has no income or savings of her own to pay the filing fee, she has attested to her spouse's income and assets, and the Court may consider her spouse's financial resources in determining whether she is entitled to IFP status. *See Escobedo*, 787 F.3d at 1236. In doing so, the Court must make a reasonable inquiry into: (1) whether her spouse's resources are "actually available" to her; and (2) whether her spouse "in fact has sufficient funds, given his or her own expenses, to assist in paying the fee." *Id.* at 1227.

Plaintiff's affidavit of assets demonstrates that her spouse has sufficient funds to assist in paying the $402 fee. Although Plaintiff did not attest to the amount of cash or savings her spouse has, her spouse's gross monthly income exceeds their combined monthly expenses by an estimated $1,700.98, and there are no persons who rely on her or her spouse for support. (*See* ECF No. 2 ¶¶ 1, 7–8.) Further, it appears that her spouse's financial resources are available to her, given that she spends $130 per month on dental and medical expenses but has no income or savings of her own. (*See id.* ¶ 8.) The Court also notes that California is a community property state, and as such, there is a presumption that all property acquired by Plaintiff's spouse during their marriage is community property. *See* Cal. Fam. Code § 760.

On the record before it, the Court finds that Plaintiff's spouse's financial resources indicate that Plaintiff is not entitled to IFP status. Accordingly, Plaintiff's IFP motion is **DENIED**. This denial is without prejudice, however, to Plaintiff filing a renewed IFP motion and affidavit that sufficiently refutes the Court's reasoning that Plaintiff has access to and is entitled to a community share of her spouse's income. Any renewed affidavit shall also explain why Plaintiff was unable to complete paragraph 4 as to her spouse and shall identify the owner of each of the assets she listed in paragraph 5.[4]

---

[4] Should Plaintiff file a renewed IFP motion that sufficiently demonstrates that she is entitled to IFP status, the Court will be required to screen the Complaint (ECF No. 1) for failure to state a claim pursuant 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[S]ection 1915(e) not only permits but *requires* a district court

### III.   CONCLUSION

Because Plaintiff's affidavit of assets does not sufficiently demonstrate that she lacks the financial resources to pay the $402 filing fee, Plaintiff's IFP Motion (ECF No. 2) is **DENIED** without prejudice.  No later than **March 15, 2021**, Plaintiff shall either pay the $402 filing fee required to commence this civil action or file a renewed IFP motion that sufficiently demonstrates that she is entitled to IFP status.  If Plaintiff fails to pay the filing fee or file a renewed IFP motion by this deadline, the Court will *sua sponte* dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated:  February 22, 2021

Hon. Jill L. Burkhardt
United States Magistrate Judge

---

to dismiss an *in forma pauperis* complaint that fails to state a claim." (emphasis added)). With respect to social security appeals, several courts in the Ninth Circuit, including courts in this District, have set forth four basic requirements for complaints to survive § 1915(e) screening, the fourth being that the complaint "contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief." *Montoya v. Colvin*, No. 2:16-cv-00454-RFB-NJK, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016). The Court finds that the Complaint, and specifically, paragraph 9, fails to meet this requirement. *See id.* ("[A] social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to [§] 1915(e)."). The Court also notes that the Complaint is unspecific as to whether Plaintiff was denied Social Security Disability Insurance or Supplemental Security Income, or both. (*See* ECF No. 1 ¶¶ 6, 8.)  It is incidentally noted that, seemingly in error, the Complaint uses male pronouns with respect to Plaintiff.  (*See id.* ¶¶ 7, 9.)